OPINION
Daniel Shell appeals from an order of the court of common pleas that denied his petition for the annexation of 59.3 acres of land from Miami Township to the City of Miamisburg.
On April 26, 2000, Daniel Shell, as an agent acting on behalf of eleven property owners, filed a petition with the Board of Commissioners of Montgomery County seeking the annexation of 59.3 acres of land from Miami Township to the City of Miamisburg. A public hearing was held on Shell's annexation request on July 25, 2000, in which evidence was presented to the Board of Commissioners. On October 17, 2000, the Board of Commissioners denied Shell's petition for annexation in its Resolution No. 00-1957. The Board found that the proposed annexation would not serve the general good of the territory to be annexed and that the area to be annexed was not sufficiently contiguous to the City of Miamisburg. Per R.C. 709.02 and R.C. 709.033(E), an annexation petition may be denied on those findings.
Shell timely appealed to the common pleas court pursuant to R.C. Chapter 2506. The matter was referred to a magistrate pursuant to Civ.R. 53(C) for trial and decision, including findings of fact and conclusions of law on all issues of law and fact. After the parties submitted their respective briefs, on July 16, 2001, the magistrate issued her decision, which affirmed the decision by the Board of Commissioners denying the annexation.
The magistrate found that the record contained substantial, reliable and probative evidence to support the County Commissioners' findings that the general good of the territory sought to be annexed would not be served by the annexation and the territory to be annexed was not sufficiently contiguous to the City of Miamisburg. In her decision the magistrate reminded counsel for the parties that objections to her decision should be filed in accordance with Civ.R. 53 and Montgomery Loc.R. 2.31.
On August 6, 2001, the trial court issued its judgment entry adopting the magistrate's decision. The trial court specifically noted that the parties had failed to file objections to the magistrate's decision pursuant to Civ.R. 53(E)(3). Finding no error of law or other defect on the face of the magistrate's decision, the trial court adopted the magistrate's decision as its own judgment and order. Civ.R. 53(E)(4)(a).
On August 16, 2001, Shell timely filed his notice of appeal to this court from the trial court's judgment entry adopting the magistrate's decision. One assignment of error is presented for our review:
 THE TRIAL COURT'S DECISION UPHOLDING THE COUNTY COMMISSIONERS' DENIAL OF THE ANNEXATION OF 59.3 ACRES, MORE OR LESS, IN MIAMI TOWNSHIP, MONTGOMERY COUNTY, OHIO, TO THE CITY OF MIAMISBURG ON THE GROUNDS THAT THE AREA PROPOSED TO BE ANNEXED WAS NOT "SUFFICIENTLY CONTIGUOUS" AND THAT THE "GENERAL GOOD" OF THE TERRITORY WOULD NOT BE SERVED IS ILLEGAL, ARBITRARY, CAPRICIOUS, UNREASONABLE AND/OR UNSUPPORTED BY A PREPONDERANCE OF THE SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE ON THE RECORD AS A WHOLE.
Shell's arguments in this assignment of error derive from and challenge the findings of fact and/or conclusions of law in the magistrate's decision. However, Shell did not file objections to those findings and conclusions of the magistrate in the trial court.
Civ.R. 53(C) permits a trial court to refer issues of fact and/or law presented in an action to a magistrate for hearing and decision. The magistrate's decision is not itself a final order or judgment, however. A final judgment or order must then be entered by the court pursuant to Civ.R. 53(E)(4). Prior to that time, any party may file objections to the magistrate's decision, per Civ.R. 53(E)(3) and Montgomery Loc.R. 2.31(V). The court is required to rule on any objections that are timely filed. With respect to such objections, Civ.R. 53(E)(3)(b) provides, inter alia: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." A party who fails to object waives any error in the court's subsequent adoption of the magistrate's decision with respect to any finding or conclusion therein. State ex rel. Booher v. Honda Am. Mfg. Inc (2000),88 Ohio St.3d 52.
Shell argues on appeal that the trial court erred when it adopted the magistrate's findings concerning whether the general good of the territory to be annexed would be served and whether that territory is sufficiently contiguous to the City of Miamisburg. However, Shell failed to object to those very findings in the magistrate's decision. Therefore, per Civ.R. 53(E)(3)(b), Shell has waived the error he assigns.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, J. and POWELL, J., concur.
Hon. Stephen W. Powell, Court of Appeals, Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.